```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA             :
                                    :
          - v. -                     :    SUPERSEDING INDICTMENT
                                    :
REBECCA BAYUO,                       :    S1 15 Cr. 576 (JGK)
                                    :
               Defendant.            :
                                    :
- - - - - - - - - - - - - - - - - - x
```

The Grand Jury charges:

### Background

#### *Bayuo's Tax Preparation Business*

1. At all times relevant to this Superseding Indictment, REBECCA BAYUO, the defendant, owned and operated a business located in the Bronx, New York that, among other things, prepared U.S. Individual Income Tax Returns ("Federal Tax Returns") for individuals (the "Clients") in exchange for fees.

2. REBECCA BAYUO, the defendant, typically caused the filing of her Clients' tax returns electronically, using an Electronic Filing Identification Number ("EFIN") and/or a Personal Tax Identification Preparer Number ("PTIN") obtained from the Internal Revenue Service ("IRS").

3. For the 2010 through 2014 tax years, REBECCA BAYUO, the defendant, prepared and caused to be filed over 950 Federal Tax Returns with the IRS.

*Relevant Provisions of the Internal Revenue Code*

4. At all relevant times to this Superseding Indictment:

a. Pursuant to the Internal Revenue Code and attendant regulations, individual taxpayers generally are required annually to report their income, tax liabilities, and, where appropriate, any claim for a refund on a U.S. Individual Income Tax Return, Form 1040, ("Form 1040"), which must be filed with the IRS, which is part of the United States Department of the Treasury.

b. A Form 1040 includes a section entitled "Exemptions" where taxpayers can, among other things, list any dependents. A dependent can be either (1) a "qualifying child," such as a son or daughter under a certain age who lives with the taxpayer, or (2) a "qualifying relative," such as a mother who lives with the taxpayer, has a gross income below a certain threshold, and who is supported financially by the taxpayer. Taxpayers can claim an exemption for each dependent listed on their tax return, which has the effect of reducing the taxpayer's taxable income.

c. A Schedule A ("Itemized Deductions") is an IRS form that is attached to a Form 1040 when applicable and must be used by taxpayers to claim certain permissible

deductions from taxable income. Deductions to be claimed on Schedule A can include, among other things: medical and dental expenses, gifts to charity, job-related and other miscellaneous expenses (such as unreimbursed employee expenses), and state and local taxes paid.

    d. A Schedule C ("Profit or Loss From Business Sole Proprietorship") is an IRS form that is attached to a Form 1040 when applicable and must be used by taxpayers to report the gross receipts, expenses, and profit or loss from a business operated by the taxpayer as a sole proprietorship.

    e. The Earned Income Tax Credit is a refundable tax credit that low-income taxpayers may claim depending on, among other things, whether their earned income is within a certain range, their investment income is not greater than a certain amount, and whether they file a joint return with their spouse.

### Bayuo's False Tax Return Scheme

    5. REBECCA BAYUO, the defendant, regularly prepared and caused to be filed with the IRS Federal Tax Returns and accompanying forms and schedules for her Clients that were false and fraudulent. For example, BAYUO Prepared and caused to be filed with the IRS Federal Tax Returns with the one or more of the following fabricated and/or fraudulently inflated items: (i) unreimbursed employee business expenses; (ii) Schedule C

business income and losses; (iii) gifts to charity; and (iv) earned income tax credits. In addition, BAYUO used the stolen names and Social Security numbers of real people to include fabricated dependents on her Clients' Federal Tax Returns, for which she charged her Clients an additional fee. Between 2010 and 2012, BAYUO caused the preparation and filing of Federal Tax Returns for her Clients that resulted in at least $85,000 in fraudulently inflated refunds and at least $300,000 of fabricated and fraudulently inflated deductions.

### Bayuo's Stolen Identity Refund Fraud ("SIRF") Scheme

6. REBECCA BAYUO, the defendant, regularly prepared and caused to be filed with the IRS Federal Tax Returns and accompanying forms and schedules using the stolen names and Social Security numbers of individuals who had not authorized BAYUO to file tax returns on their behalf. Between 2010 and 2014, BAYUO caused the preparation and filing of Federal Tax Returns using stolen identities, including the identity of Victim-1, that resulted in at least over $130,000 in fraudulent refunds that were provided to BAYUO.

### COUNTS ONE THROUGH TWENTY-ONE
(Aiding and Assisting Preparation of False
and Fraudulent U.S. Individual Income Tax Returns)

7. Between at least in or about January 1, 2010 through at least in or about April 15, 2012, in the Southern District of New York and elsewhere, REBECCA BAYUO, the

4

defendant, willfully and knowingly did aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with matters arising under, the internal revenue laws of the United States, of a return, affidavit, claim, and other document, to wit, U.S. Individual Income Tax Returns, Forms 1040, and accompanying forms and schedules, which returns were false and fraudulent as to material matters, in that, among other things, the returns fabricated and/or falsely overstated items such as dependents, unreimbursed employee business expenses, Schedule C business income or losses, gifts to charity, and/or earned income tax credits, as set forth below:

| Count | Taxpayer | Tax Year | Nature of Fabricated and/or Inflated Item(s) | Approximate Deductions/Credits Fraud Amount | Approx. Amount of Fraudulent Refund |
|---|---|---|---|---|---|
| 1 | AS | 2009 | False Dependent(s) | $10,400 | $3,260 |
| 2 | AS | 2010 | False Dependent(s) Unreimbursed employee expenses | $17,636 | $3,726 |
| 3 | AS | 2011 | False Dependent(s) Employee business expenses | $19,044 | $5,489 |
| 4 | MA | 2010 | Unreimbursed employee expenses | $15,054 | $5,472 |
| 5 | MA | 2011 | Gifts to Charity Unreimbursed employee expenses | $27,957 | $7,197 |
| 6 | SH | 2009 | False Dependent(s) | $11,950 | $3,582 |
| 7 | SH | 2010 | False Dependent(s) | $13,050 | $4,625 |
| 8 | SH | 2011 | False Dependent(s) | $13,732 | $5,329 |
| 9 | SF | 2011 | False Dependent(s) False income amount | $25,712 | $4,378 |
| 10 | KPW | 2011 | Schedule C False income amount | $26,387 | $4,915 |
| 11 | MT | 2011 | False Dependent(s) Gifts to charity Unreimbursed employee | $30,133 | $5,924 |

5

|    |     |      |                                                              |          |         |
|----|-----|------|--------------------------------------------------------------|----------|---------|
|    |     |      | expenses                                                     |          |         |
| 12 | KOA | 2009 | Earned Income Credit                                         | $5,129   | $2,920  |
| 13 | KOA | 2010 | Earned Income Credit                                         | $5,488   | $3,163  |
| 14 | KOA | 2011 | Earned Income Credit                                         | $5,867   | $3,463  |
| 15 | IL  | 2010 | False Dependent(s)                                           | $8,835   | $3,617  |
| 16 | IL  | 2011 | False Dependent(s)                                           | $10,444  | $4,427  |
| 17 | DA  | 2011 | False Dependent(s)                                           | $9,293   | $3,154  |
| 18 | FO  | 2011 | False Dependent(s)                                           | $10,462  | $4,729  |
| 19 | EL  | 2009 | False Dependent(s)                                           | $10,334  | $4,671  |
| 20 | EL  | 2010 | False Dependent(s) Unreimbursed employee expenses            | $17,790  | $4,208  |
| 21 | EL  | 2011 | False Dependent(s) Unreimbursed employee expenses            | $22,649  | $3,609  |

(Title 26, United States Code, Sections 7206(2).)

## COUNT TWENTY-TWO
(Theft of Government Funds)

The Grand Jury further charges:

8. From at least in or about August 2010 up to and including at least in or about April 2014, in the Southern District of New York and elsewhere, REBECCA BAYUO, the defendant, did embezzle, steal, purloin, and knowingly convert to her own use and the use of another, and without authority, sold, conveyed, and disposed of records, vouchers, money, and things of value of the United States and a department and agency thereof, to wit, the United States Department of the Treasury, the value of which exceeded $1,000, and would and did receive, conceal, and retain the same with intent to convert it to his use and gain, knowing it to have been embezzled, stolen, purloined and converted, to wit, BAYUO used the names and Social Security numbers of other individuals to file fraudulent income

6

tax returns that generated over $130,000 in tax refunds to which BAYUO was not entitled.

(Title 18, United States Code, Sections 641 and 2.)

### COUNT TWENTY-THREE
(Aggravated Identity Theft)

The Grand Jury further charges:

9. From at least in or about August 2010 up to and including at least in or about April 2014, in the Southern District of New York, REBECCA BAYUO, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to the felony violation charged in Count Twenty-Two of this Superseding Indictment, to wit, BAYUO possessed, used, and transferred the names and Social Security numbers of other individuals in connection with the theft of government funds charged in Count Twenty-Two of this Superseding Indictment.

(Title 18, United States Code, Sections 1028A and 2.)

### COUNT TWENTY-FOUR
(Passport Fraud)

The Grand Jury further charges:

10. From in or about May 2007 through in or about August 2014, in the Southern District of New York and elsewhere, REBECCA BAYUO, the defendant, willfully and knowingly did use a passport, issued under the authority of the United States, the issuance of which was secured by reason of a false statement

7

made in the application thereof, regarding the name and Social Security number of the applicant, to wit, BAYUO travelled to and from the United States using a passport that was secured using the name and Social Security number of Victim-1.

(Title 18, United States Code, Sections 1542 and 2.)

## COUNT TWENTY-FIVE
(Aggravated Identity Theft)

The Grand Jury further charges:

11. From at least in or about September 2011 up to and including at least in or about August 2014, in the Southern District of New York, REBECCA BAYUO, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to the felony violation charged in Count Twenty-Four of this Superseding Indictment, to wit, without lawful authority, BAYUO possessed, used, and transferred the name and Social Security number of Victim-1 to obtain a United States passport, and then travelled using that passport.

(Title 18, United States Code, Sections 1028A and 2.)

## FORFEITURE ALLEGATION

12. As a result of committing the offense alleged in Count Twenty-Two of this Superseding Indictment, to wit, the theft of government property, in violation of Title 18, United States Code, Section 641, REBECCA BAYUO, the defendant, shall

forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count Twenty-Two of this Superseding Indictment.

### Substitute Asset Provision

13. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 21, United States Code, Section 853(p) and
Title 28, United States Code, Section 2461(c).)

_____  
FOREPERSON

_____  
PREET BHARARA  
United States Attorney /pnk

Form No. USA-33s-274 (Ed. 9-25-58)

---

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA**

- v. -

**REBECCA BAYUO,**

Defendant.

---

### SUPERSEDING INDICTMENT

S1 15 Cr. 576 (JGK)

(Title 18, United States Code, Sections 641, 1028A, 1542, and 2; Title 26, United States Code, Section 7206.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Deputy        Foreperson.

12/17/15 - Filed Superseding Indictment.
 src                                  JMaas
                                      USMJ