UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/18

UNITED STATES OF AMERICA,

    - against -

REBECCA BAYUO,

               Defendant.

15 Cr. 576 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

The defendant has requested that the Court conduct an inquiry of a juror who called a prosecutor following trial. The juror informed the prosecutor that, while the juror had followed the Court's instructions during the trial and not consulted the internet, the juror had consulted the internet after trial and learned information about the defendant. The defendant's request that the Court conduct an inquiry of this juror is **denied**.

I.

By letter dated November 5, 2018, the Government disclosed that on November 2, 2018, a person identifying herself as a juror from the defendant's trial contacted the United States Attorney's Office. The juror was connected to one of the Government's trial counsel in this case.

The juror stated that she was a juror in this case. The juror then said that she had refrained from conducting any online research during the trial per the Court's instructions,

1

but on the evening of the day the jury rendered its verdict, the juror conducted a Google search of the defendant. The juror noted that she discovered that the defendant had previously entered a guilty plea in the case, including to a passport fraud charge that was not a part of the trial.

The juror said that she was troubled as to why she had to sit as a juror on a case where the defendant had already pleaded guilty to the same charges. The juror also stated that she felt more confident in the verdict that the jury had reached after she had found that the defendant already pleaded guilty.

The juror also noted that, during deliberations, some jurors had felt sympathetic to the defendant, but that she had not. She added that some of the jurors had questioned the credibility of the witnesses from Ghana, which she felt was mostly due to language and translation issues.

The prosecutor apologized that the juror had been troubled by finding that the defendant had previously pleaded guilty, and told the juror that the defendant had withdrawn that plea. The prosecutor also told the juror that the defendant's prior plea of guilty had not come up at trial because it was not relevant to the issues at trial. The prosecutor then ended the call and reported the call to supervisors at the United States Attorney's Office.

2

On November 6, 2018, defense counsel faxed a letter to the Court requesting that the Government identify the juror who contacted the Government, and that the Court conduct an inquiry with the juror in question "to ensure that the juror did not violate any direction of the Court."  The Government responded to the defendant's letter on November 7, 2018.  The Government identified the juror it believed to be the person who called,[1] and submitted its opposition to an inquiry of the juror.

## II.

"Courts should be reluctant to 'haul jurors in after they have reached a verdict in order to probe for potential instances of bias, misconduct or extraneous influences.'"  United States v. Sattar, 395 F. Supp. 2d 66, 73 (S.D.N.Y. 2005) (quoting United States v. Sun Myung Moon, 718 F.2d 1210, 1234 (2d Cir. 1983)), aff'd sub nom. United States v. Stewart, 590 F.3d 93 (2d Cir. 2009).  "[A] post-verdict inquiry into allegations of such misconduct is only required 'when there is clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred which could have

---

[1]     By letter dated November 5, 2018, the Court notified the parties that on November 2, 2018, the Court's deputy clerk received a call from the same juror after the juror's call was transferred to the deputy clerk by a law clerk.  The Court notified the parties that the juror had inquired about the defendant's sentencing date and that, after consulting with the Court, the deputy clerk responded to the juror by informing the juror that the defendant's sentencing date was set for Friday, April 12, 2019, and that the date is a matter of public record.

prejudiced the trial of a defendant.'" United States v. Baker, 899 F.3d 123, 130 (2d Cir. 2018) (quoting Sun Myung Moon, 718 F.2d at 1234).

Such allegations must be "concrete allegations of inappropriate conduct that constitute competent and relevant evidence, though they need not be irrebuttable [because] if the allegations were conclusive, there would be no need for a hearing." Id. (alteration in original) (quotations omitted); see also Sattar, 395 F. Supp. 2d at 73 ("[F]ull and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of postverdict scrutiny of juror conduct." (quoting Tanner v. United States, 483 U.S. 107, 120-21 (1987))); Fed. R. Evid. 606(b) (prohibiting juror testimony regarding juror deliberations unless "(A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form").

The defendant has not identified any "concrete allegations of inappropriate conduct" in this case, and the Court has found no evidence of any such conduct. There is no evidence of any extraneous prejudicial information or improper outside influence that was brought to the attention of any juror in this case

4

before the verdict was rendered. To the contrary, the juror at issue specifically stated to the prosecutor that she followed the Court's instructions during trial, and that she only began researching the defendant after the verdict had been rendered. Moreover, the juror did not report on any misconduct by any other juror. Post-verdict research of a case by a juror who rendered a verdict in that same case is not a violation of any rule or evidence of misconduct.

## CONCLUSION

The defendant has not identified, and the Court has not found, any evidence of misconduct or improper influence. Therefore, the defendant's request that the Court conduct an inquiry with the juror is **denied.**

**SO ORDERED.**

Dated:     **New York, New York**
           **November 14, 2018**

_____
**John G. Koeltl**
**United States District Judge**