USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

REBECCA BAYUO,

Defendant.

15 Cr. 576 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

By letter dated April 25, 2019, which is attached to this Order, defense counsel states that a juror called one of the defense attorneys in this case and asked when the defendant's sentencing date would be and noted that he and several other jurors would like to attend. Based on this call, the defendant moves for an inquiry into whether the defendant "was convicted as a result of partiality or consideration of extra-record evidence by the jurors." The Court previously denied a request by the defendant to conduct an inquiry into a juror who had called a prosecutor in this case. (Dkt. No. 199.) Because there is no evidence that the verdict was arrived at improperly, the defendant's request that the Court conduct an inquiry of the jury is **denied**.

I.

A.

In the April 25, 2019 letter, defense counsel states that on April 18, 2019 a person identifying himself as a juror from

1

the defendant's trial called one of the defense lawyers in this case. The juror asked defense counsel when the defendant's sentencing would be and noted that several of the jurors from the defendant's trial would like to attend. The juror also stated that he was confused about when the sentencing would be because the date appeared to have been rescheduled. Defense counsel provided the juror with the Court's contact information and directed the juror to the Court's website for further information regarding the sentencing. Defense counsel states the call lasted less than two minutes.

The Government previously disclosed that on November 2, 2018, after the verdict had been rendered, a person who identified herself as a juror from the defendant's trial called one of the prosecutors in this case. The facts regarding that call are set out fully in the Court's Order at Docket Number 199. To summarize, that juror stated that she did not conduct any online research during the trial in accordance with the Court's instructions, but that after the jury rendered its verdict, the juror conducted a Google search of the defendant and had discovered that the defendant had previously pleaded guilty. The juror stated that she was troubled as to why she had to sit as a juror on a case where the defendant had already pleaded guilty to the same charges. The juror also noted that,

during deliberations, some jurors had felt sympathetic to the defendant, but that she had not.

Based on the November 2, 2018 call, the defendant requested that the Court conduct an inquiry of the juror who had called the prosecutor. That request was denied. (Dkt. No. 199.)

In her April 25, 2019 letter, the defendant again requests that the Court conduct an inquiry of the jury. The defendant states that this is necessary to determine whether the defendant was convicted as a result of partiality or consideration of extra-record evidence by the jurors.

## II.

### A.

As previously explained in the Court's November 14, 2018 Order, "[c]ourts should be reluctant to 'haul jurors in after they have reached a verdict in order to probe for potential instances of bias, misconduct or extraneous influences.'" United States v. Sattar, 395 F. Supp. 2d 66, 73 (S.D.N.Y. 2005) (quoting United States v. Sun Myung Moon, 718 F.2d 1210, 1234 (2d Cir. 1983)), aff'd sub nom. United States v. Stewart, 590 F.3d 93 (2d Cir. 2009). "[A] post-verdict inquiry into allegations of such misconduct is only required 'when there is clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant.'" United States

v. Baker, 899 F.3d 123, 130 (2d Cir. 2018) (quoting Sun Myung Moon, 718 F.2d at 1234).

Such allegations must be "concrete allegations of inappropriate conduct that constitute competent and relevant evidence, though they need not be irrebuttable [because] if the allegations were conclusive, there would be no need for a hearing." Id. (alteration in original) (quotations omitted); see also Sattar, 395 F. Supp. 2d at 73 ("[F]ull and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of postverdict scrutiny of juror conduct." (quoting Tanner v. United States, 483 U.S. 107, 120-21 (1987))); Fed. R. Evid. 606(b) (prohibiting juror testimony regarding juror deliberations unless "(A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form").

**B.**

The defendant requests that the Court conduct an inquiry into the jury based on the juror calls on November 2, 2018 and April 18, 2019. The defendant argues that these calls are evidence of an "unusual personal interest in this matter by members of the jury" and provide a basis for the Court to

4

conduct an inquiry into whether the defendant was convicted "as a result of partiality or consideration of extra-record evidence by the jurors."

The defendant's argument is entirely meritless. The Court has already ruled that the November 2, 2018 juror call did not necessitate an inquiry. (Dkt. No. 199.) Indeed, that juror specifically noted that she followed the Court's orders and did not conduct any research until after the verdict had been rendered.

In regard to the April 18, 2019 call, the defendant has not identified any "concrete allegations of inappropriate conduct," and there is no evidence of any such conduct. The juror merely called to ask when the sentencing date was and noted that some of the jurors wanted to attend. There is no basis to conclude that a juror calling to find out when a defendant will be sentenced is evidence that the verdict was arrived at improperly. The defendant's argument that jurors taking a personal interest in a case is evidence of misconduct is illogical -- if anything, it shows that the jurors took the case and their oath seriously.

## CONCLUSION

The defendant has not identified, and the Court has not found, any evidence of misconduct or improper influence.

Therefore, the defendant's request that the Court conduct an inquiry of the jury is **denied**.

**SO ORDERED.**

**Dated:** **New York, New York**
**May 7, 2019**

_____
John G. Koeltl
United States District Judge



Richard M. Strassberg
+1 212 813 8859
rstrassberg@goodwinprocter.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

April 25, 2019

**VIA FACSIMILE**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, New York 10007

**Re:** *United States v. Rebecca Bayuo*, No. 1:15-cr-00576-JGK

Dear Judge Koeltl:

We write to inform the Court and counsel for the Government of contact between someone who identified himself as a juror in the above-captioned matter and a member of the defense team. On April 18, 2019, at approximately 12 p.m., Amanda Protess received a call at her business phone number from a man who said that he was a juror in what he called "the Amanda Bayuo case." Ms. Protess in no way solicited contact from this juror, or any juror from the trial. The man asked Ms. Protess when Ms. Bayuo's sentencing date was because, he explained, several of the jurors from the trial wished to attend. He said that he was confused about the sentencing date as it appeared to have been moved. Ms. Protess responded that she is an attorney for Ms. Bayuo and directed the caller to the Court's website for any information he was seeking, including contact information for the Court. Ms. Protess did not learn the man's name. The call lasted under two minutes.

As the Court is aware, this is the second time that a juror from this case has contacted an attorney for one of the parties to express a personal interest in the case. On November 5, 2018, a female juror contacted a member of the United States Attorney's Office and revealed that she had researched the defendant after the verdict, and was troubled when she learned that Ms. Bayuo had previously pleaded guilty, including to passport fraud. Although defense counsel requested that the Court conduct an inquiry of that juror at that time, the Court denied that request. Given the repeated and unusual personal interest in this matter by members of the jury that convicted Ms. Bayuo, defense counsel now reiterates the request that the Court conduct an inquiry into whether Ms. Bayuo was convicted as a result of partiality or consideration of extra-record evidence by the jurors. *See United States v. Colombo*, 869 F.2d 149, 152 (2d Cir. 1989) (remanding for evidentiary hearing on juror partiality).



The Honorable John G. Koeltl
April 25, 2019
Page 2


Respectfully submitted,

s/ Richard M. Strassberg
Richard M. Strassberg

cc: Assistant U.S. Attorney Mollie Bracewell (by email)
    Assistant U.S. Attorney Cecilia Vogel
    Assistant U.S. Attorney Sarah Paul