**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

        **- against -**                      **15-cr-576 (JGK)**

**REBECCA BAYUO,**                    **MEMORANDUM OPINION &**
                                          **ORDER**
                        **Defendant.**

**JOHN G. KOELTL, District Judge:**

On May 9, 2019, the Court sentenced the defendant, Rebecca Bayuo, principally to 36 months' imprisonment after a jury convicted the defendant of multiple counts of of aiding and assisting preparation of false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2), theft of government funds in violation of 18 U.S.C. § 641, aggravated identity theft in violation of 18 U.S.C. § 1028A, and subscribing to false income tax returns in violation of 26 U.S.C. § 7206(1). Dkt. Nos. 246, 250. The defendant has been serving her sentence at Federal Correctional Institution Aliceville. She is subject to an active Immigration Customs and Enforcement detainer such that after her term of imprisonment ends, the defendant will likely be removed from the United States.

The defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] For the reasons explained below, the motion is **granted**.

---

[1] The defendant originally sought an indicative ruling from this Court, pursuant to Federal Rule of Criminal Procedure 37. At the time that the defendant made this motion, this Court did not have jurisdiction to decide

**I.**

As amended by Section 603(b) of the First Step Act, Pub. L.

No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), 18 U.S.C.

§ 3582(c) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that
>
> (1) in any case –
>
>> (A) The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i)   extraordinary   and   compelling reasons warrant such a reduction; . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

---

the motion because the defendant had an appeal of her conviction pending before the Second Circuit Court of Appeals. "The filing of a notice of appeal is an event of jurisdictional significance, which confers jurisdiction on the courts of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Valencia, No. 15-CR-163, 2020 WL 1974233, at *1 (S.D.N.Y. Apr. 24, 2020) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). On June 19, the mandate from the Court of Appeals issued, affirming the judgment of this Court. Dkt. No. 272. Accordingly, this Court has jurisdiction to decide the current motion.

When deciding a motion brought pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the threshold question is whether the defendant has shown that "extraordinary and compelling reasons" exist to reduce the defendant's sentence. The relevant policy statement promulgated by the Sentencing Commission provides that a reduced sentence for "extraordinary and compelling reasons" may be based on the defendant's medical condition where the defendant is "suffering from a terminal illness" or where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).

If "extraordinary and compelling reasons" exist, the Court must then assure itself that a reduced sentence would be consistent with the factors set out in 18 U.S.C. § 3553(a). See United States v. Lisi, No. 15-CR-457, 2020 WL 881994, at *5 (S.D.N.Y. Feb. 24, 2020). Finally, before the court may reduce the defendant's sentence, the policy statement requires the Court to determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).[2]

---

[2] A defendant must also comply with the procedural exhaustion requirement set out in 18 U.S.C. § 3582(c)(1)(A). The defendant submitted a letter request for compassionate release to the Bureau of Prisons on May 8, 2020. Dkt. Nos. 262-2, 262-3. Because the defendant has not received a response and more than

Where, as in this case, the defendant argues that her medical condition provides the basis for immediate release, the existence of "extraordinary and compelling reasons" for immediate release turns on the defendant's physical condition and the degree to which that physical condition can be treated within the context of a correctional facility, and does not in the first instance turn on other factors, such as the length of the remaining term of imprisonment, that are more appropriately addressed when applying the 18 U.S.C. § 3553(a) factors. See United States v. Hidalgo, No. 13-CR-413-2, 2020 WL 2642133, at *1-*2 (S.D.N.Y. May 26, 2020).

## II.

### A.

The defendant has established that extraordinary and compelling reasons exist that warrant an immediate termination of the defendant's term of imprisonment.

The defendant is 49 years old and suffers from diabetes and hypertension. The Government acknowledges that "the defendant's type 2 diabetes diagnosis presents a risk factor identified by the CDC as heightening the risk of severe injury or death were the inmate to contract COVID-19." Govt. Opp. at 13. It thus concedes that the defendant has demonstrated a compelling and extraordinary reason justifying compassionate release based on

---

30 days has elapsed after the defendant's request to the BOP, the defendant has complied with the exhaustion requirement and the motion is properly before the Court.

these conditions, which diminish the ability of the defendant to
provide self-care within the environment of a correctional
facility. See U.S.S.G. § 1B1.13(1)(A); see also United States v.
Rivera, No. 86-CR-1124, 2020 WL 2094094, at *5 (S.D.N.Y. May 1,
2020) (collecting cases where courts have granted release to
medically high-risk defendants who suffer from diabetes); United
States v. Scparta, No. 18-CR-578, 2020 WL 1910481, at *9
(S.D.N.Y. Apr. 20, 2020) (noting serious risk from COVID-19
given defendant's hypertension). The Government has not disputed
that the defendant has shown extraordinary and compelling
reasons sufficient to satisfy the conditions for compassionate
release. The Government in its initial opposition argued,
however, that the defendant had failed to show that the Section
3553(a) factors supported the release of the defendant.

**B.**

Application of the sentencing factors in 18 U.S.C.
§ 3553(a) to the facts of this case weighs in favor of immediate
release.

The defendant surrendered on August 22, 2019. Dkt. No. 260.
She has thus been incarcerated for over 9 months, or over a
quarter of her sentence, and is in a dangerous condition. The
Government does not argue that further incarceration is
necessary for deterrence. Nor does it argue that it is necessary
for purposes of safety of the public. The defendant is a first-

time non-violent offender and complied with more than four years
of pretrial release conditions. Furthermore, the defendant is
subject to a detainer from Immigration and Customs Enforcement
and is likely to be removed from the United States and therefore
does not present a risk to the public. While the defendant's
offense is serious, she has already served a serious sentence.

## CONCLUSION

For the reasons stated above, the Court **grants** the
defendant's motion for compassionate release. The Court
therefore resentences the defendant to time served plus two
years of supervised release under the conditions in the original
judgment, subject to any detainers. The Court will enter a
separate order detailing further conditions.

**SO ORDERED.**

**Dated:    June 20, 2020**
**          New York, New York**          _____/s/ John G. Koeltl_____
                                          **John G. Koeltl**
                                **United States District Judge**